IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DANA LYDELL SMITH, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> STATE OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE <br><br><br><br><br><br> Case No. 1:05-CV-27 TS |

     Plaintiff filed a Complaint against the State of Utah, the State of Idaho, and various state agencies and officials on February 28, 2005.  After various items sent from the Court to Plaintiff were returned as undeliverable, the Court issued an Order to Show Cause on March 13, 2006, directing Plaintiff to show cause why his Complaint should not be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  After receiving no response to the Order to Show Cause, the Court dismissed Plaintiff's Complaint on April 18, 2006.

     On April 3, 2008, nearly two years later, Plaintiff filed a document indicating that he did not know that this case had been closed and that he would like to reopen his case and pursue his claims.  The Court construes this as a Motion under Fed.R.Civ.P. 60(b).

1

Rule 60(b)(1) provides, in pertinent part, that the Court may relieve a party from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, or excusable neglect. Any motion brought under Rule 60(b) must be made within a reasonable time and any motion brought under Rule 60(b)(1) must be made no more than a year after the entry of the judgment or order.[1]  The Court construes Plaintiff's Motion as asserting excusable neglect.

Plaintiff's Motion fails for two reasons.  First, the Motion is untimely.  A Motion brought under Rule 60(b)(1) must be brought no more than one year after the entry of the judgment or order.  The Order of Dismissal in this case was entered on April 18, 2006.  Plaintiff did not bring this Motion until April 3, 2008, well outside the one-year time limitation.

Second, Plaintiff has failed to show excusable neglect.  Plaintiff's only assertion is that he is incarcerated and did not know that his case had been dismissed.  Plaintiff has not shown why he failed to notify the Court of his new address.  It was Plaintiff's duty, once he filed his lawsuit, to keep the Court apprised of his contact information or at least monitor Court filings.[2]  Plaintiff failed to do so.

It is therefore

ORDERED that Plaintiff's Motion to Set Aside (Docket No. 14) is DENIED.

DATED   April 21, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] Fed.R.Civ.P. 60(c).

[2] *See Lehnert v. Hersh*, 154 Fed. Appx. 64, 65–66 (10th Cir. 2005) (unpublished opinion).